UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADAM GARDIN,

    Plaintiff,

vs.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant.
_____)

## **COMPLAINT**

The Plaintiff, Adam Gardin ("GARDIN"), by and through the undersigned counsel, hereby sues The Lincoln National Life Insurance Company ("LINCOLN") and alleges:

## **PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. GARDIN was at all times relevant a plan participant under the Baxter

International Inc. ("Baxter") Long Term Disability Plan, Group No.: GF3-890-450386-01 ("LTD" Plan).

3. Defendant, LINCOLN, is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in, and may be found in the Southern District of Florida. LINCOLN is the insurer of benefits under the Baxter LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The LINCOLN LTD Plan is employee welfare benefit plans regulated by ERISA, established by Baxter under which GARDIN was a participant, and pursuant to which GARDIN is entitled to Long Term Disability benefits ("LTD benefits").

5. Pursuant to the terms and conditions of the LTD Plan GARDIN is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as GARDIN remains disabled as required under the terms and conditions of the LTD Plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida.

**COUNT I**
**CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. GARDIN incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, GARDIN was an employee or former employee of

Baxter and a plan participant under the terms and conditions of the LTD Plan.

9. Prior to filing for disability, GARDIN worked as a Maintenance Technician for Baxter.

10. During the course of GARDIN's employment, GARDIN became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while GARDIN was covered under the LTD Plan, GARDIN suffered a disability, the nature of which is set forth in the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

11. The LTD Plan defines Total Disability or Totally Disabled "Disability" or "Disabled" means: (i) if the Covered Person is eligible for the 12 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and (i) thereafter the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

12. Any Occupation means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

13. As it relates to GARDIN's current claim under the LTD Plan the definition of disability relates to "any occupation."

14. Pursuant to the terms of the LTD Plan, GARDIN made a claim to LINCOLN for benefits under the LTD Plan, with an effective date of disability of October 4, 2019.

15. Following the applicable Elimination Period benefits would have become

payable as of April 7, 2020.

16. LINCOLN initially approved GARDIN's claim for LTD benefits after determining he was unable to perform the material and substantial duties of his own occupation.

17. On or about April 7, 2022, the definition of disability under the LTD Plan changed to the "any occupation" standard of disability as defined in paragraphs 11 and 12.

18. On June 19, 2022, the Social Security Administration (SSA) determined that GARDIN was disabled under its standards and awarded Social Security Disability benefits effective October 3, 2019.

19. On September 20, 2022, LINCOLN advised GARDIN it had determined that he was not disabled under the Any Occupation standard of disability.

20. On March 17, 2023, GARDIN submitted his administrative appeal of LINCOLN's denial and in doing so included additional evidence to support his inability to work.

21. On June 20, 2023, LINCOLN notified GARDIN it was upholding the denial of his claim for LTD Benefits.

22. GARDIN has exhausted all administrative remedies.

23. LINCOLN breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to GARDIN at a time when LINCOLN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as GARDIN was disabled and unable to work and therefore entitled to benefits.

  b. After GARDIN's claim was denied in whole or in part, LINCOLN failed to adequately describe to GARDIN any additional material or information necessary for GARDIN to perfect his claim along with an explanation of why such material is or was necessary.

  c. LINCOLN failed to properly and adequately investigate the merits of GARDIN's disability claim and failed to provide a full and fair review of GARDIN's claim.

24. GARDIN believes and alleges that LINCOLN wrongfully denied his claim for LTD benefits under the LTD Plan by other acts or omissions of which GARDIN is presently unaware, but which may be discovered in this future litigation and which GARDIN will immediately make LINCOLN aware of once said acts or omissions are discovered by GARDIN.

25. As a proximate result of the aforementioned wrongful conduct of LINCOLN under the LTD Plan, GARDIN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

26. As a further direct and proximate result of this improper determination regarding GARDIN's claims for benefits, GARDIN, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GARDIN is entitled to have such fees and costs paid by LINCOLN.

27. The wrongful conduct of LINCOLN has created uncertainty where none should exist, therefore, GARDIN is entitled to enforce his rights under the terms of his LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Adam Gardin prays for relief against The Lincoln National Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability.

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: July 10, 2023

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2625 Weston Road
> Weston, FL 33331
> (954) 620-8300
>
> __/s/ *Stephen F. Jessup*_____
> STEPHEN F. JESSUP, ESQUIRE
> Florida Bar No.: 0026264
> Email: stephen@diattorney.com